FARWELL *v.* METCALF *& a.*

The appropriation of partnership property to the payment of the individual debts of a partner is valid against subsequent creditors of the firm.

Facts found by a referee.

*E. D. Baker* and *H. W. Parker*, for the plaintiff.

*Ira Colby* and *Batchelder & Faulkner*, for the defendants.

CARPENTER, J. The action is brought to recover the amount of the defendant's promissory note for $200, dated April 11, 1882, payable on demand to H. L. Barker & Co., a copartnership composed of H. L. Barker and M. P. Stone, and given for partnership property sold to the defendants. When it was given, Barker agreed that the defendants might, if they chose to do so, pay to one F. $81.84 due to him from the firm, and deduct that amount from the note in case they should pay it. Ten days afterwards Barker sold, and in the name of the firm indorsed the note to the plaintiff, in payment of his preëxisting individual debt. It is not found that this was done with any fraudulent intent. Stone was

informed of the transaction, and made no objection.   May 1, 1882, the defendants, without notice of the transfer, paid the $81.84 to F.   The plea is the general issue.

The only ground of defence suggested is, that Barker could not lawfully appropriate the property of the partnership to the payment of his private debts.   This he could not do, with or without the consent of his copartner, as against the then existing creditors of the firm.   *Ferson* v. *Monroe*, 21 N. H. 462; *Kidder* v. *Page*, 48 N. H. 380.

But at the time of the transfer the defendants were not creditors; they had neither paid nor obligated themselves to pay the debt of the firm to F.   In the absence of fraud, creditors of a copartnership cannot question an application, made before they became creditors of partnership property, to the payment of the individual debts of the partners.   *Miles* v. *Pennock*, 50 N. H. 564; *Parker* v. *Bowles*, 57 N. H. 491; *Chase* v. *Bean*, 58 N. H. 183.

*Judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.